IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

03 DEC -8 AM 8: 55

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| BEVERLY J. GRUBB, ) | CASE NUMBER |
| ) | C2 03 1138 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MUSKINGUM COUNTY, OH; MUSKINGUM ) | JUDGE SARGUS |
| COUNTY SHERIFF'S DEPARTMENT; ) | JUDGE |
| SHERIFF ROBERT STEPHENSON ) | |
| in his official capacity; SGT. RUSS SWOPE ) | |
| in his official and individual capacities; ) | MAGISTRATE JUDGE KEMP |
| LT. MARK ROSS, in his official and ) | MAGISTRATE JUDGE |
| individual capacities; SGT. PAT KECK, in his ) | |
| individual and official capacities; and ) | |
| LT. R.J. KING, in his individual and ) | |
| official capacities. ) | COMPLAINT FOR DECLARATORY |
| Defendants. ) | JUDGMENT, INJUNCTIVE RELIEF AND |
| | FOR MONEY DAMAGES |

## I. JURISDICTION

1.   This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C.§ 1331 and

§ 1343(3)-(4).

2.   This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

## II.   PARTIES

3.   Plaintiff, Beverly J. Grubb, a natural person, is a senior citizen who cares for her

mentally-impaired adult son.  They lived together at 3815 Hemmers Lane, in a rental

home in Muskingum County, Ohio.

4.   Defendant Muskingum County is a duly organized municipality in Muskingum County Ohio. It is a political subdivision of the State of Ohio. Defendant Muskingum County Sheriff's Department is and was the sole and exclusive provider of police services to Plaintiff and to Muskingum County, Ohio.

5.   According to information and belief, Defendants provide police services to a population in excess of 80,000 citizens of Muskingum County, Ohio.

6.   Defendants are Sheriff Robert Stephenson, in his individual capacity and his official capacity as Sheriff, and Deputy Sheriffs Sgt. Russ Swope, Lt. Mark Ross, Sgt. Pat Keck, Lt. R.J. King, in their individual and official capacities, as deputy sheriffs, duly employed by the Muskingum County Sheriff's Department and Muskingum County, Ohio.

## III.   ALLEGATIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 71

7.   Plaintiff's injunctive claims are brought to benefit Plaintiff and all tenants who reside within the geographic area in which Defendants are the exclusive provider of police services. Plaintiff seeks to assure that no other families in that sizable area suffer in the future the injuries and loss of rights which Plaintiff had been forced to endure because of Defendants' official policies and customs which violate the clearly established constitutional rights of tenants who rely on the Defendants for police services.

8.   Plaintiff does not seek certification of a Plaintiff class under Fed. R. Civ. P. 23, in part because federal law prohibits her counsel (who are employed by a recipient of funds from the Legal Services Corporation) from initiating or participating in class

*Page 2 of 10*

action proceedings brought under Rule 23 or comparable state rules.

9. It is true, however, that class certification is not required for this litigation to benefit others similarly situated, or for this Court to serve the interests of judicial economy by forestalling the likelihood that numerous, separate lawsuits would otherwise be needed to benefit and protect the interests of persons similarly situated to Plaintiff.

10. Defendant is a political subdivision of the State of Ohio, and its government officials. As such, Defendant is charged with a duty to comply with the requirements of the Constitution in their daily activities. Once this Court declares the unconstitutionality of Defendant's current policies and customs, and enjoins Defendant to alter their practices to conform with the dictates of the Constitution, Defendant will have no reason upon which they may refuse to apply constitutionally mandated procedures not only to Plaintiff, but to all persons similarly situated. As a result, the injunctive relief which Plaintiff seeks will necessarily benefit all those similarly situated. *Craft v. Memphis Light, Gas and Water* (6th Cir. 1976) 534 F. 2d 684; *aff'd on separate grounds*, 436 U.S. 1 (1978); *Berger v. Heckler* (2nd Cir 1985) 771 F. 2d 1556, 1566-7; *Snider v. Greasy* (S.D. Ohio 1982), 584 F. Supp. 601, 602; *aff'd,* 728 F. 2d 369 (6th Cir. 1984).

11. As a result, the equitable relief that Plaintiff seeks will necessarily benefit all those similarly situated, without the need for class certification. *Cf., Craft v. Memphis Light, Gas & Water,* 534 F.2d 684 (6th Cir. 1976); *aff'd. On sep. grnds.* 436 U.S. 1 (1978); *Snider v. Creasy,* 584 F.Supp. 601, 602 (S.D. Ohio 1982); *aff'd.* 728 F.2d 369 (6th Cir. 1984).

12.  Further, this case offers Defendant a full and fair opportunity to litigate the legality of their policies, enterprise and activities, and the actions that must be taken to end their continuing violations of law. As a result, Defendant would, in any case, be estopped from re-litigating these issues in future suits by persons who are not parties to this case but are similarly situated to Plaintiff. *See, Parklane Hosiery Co. v. Shore,* 439 U.S. 332, 337 (1979); Ohio Revised Code § 2923.34(J).

13.  Therefore, pursuant to Fed. R. Civ. P. 71, Plaintiff asks this Court to find that any order of specific relief entered in this case is made in favor of Plaintiff and all others who have been, are now, or will in the future be or seek police services in Muskingum County, Ohio, and that, although not parties to this action, such persons may nonetheless hereafter enforce that relief against Defendants by the same process as if they were parties.

## FACTS

14.  Plaintiff Beverly Grubb and her son Terry Grubb, lived, as tenants, at the home located at 3815 Hemmers Lane, Zanesville, Ohio, which they rented from Debra and Douglas Collopy.

15.  The landlord and tenant relationship deteriorated between Mrs. Grubb and the Collopys.

16.  The Muskingum County Sheriff's Department was contacted by the Collopys to serve a three-day notice to leave upon Mrs. Grubb and her son. This was, and is, the routine practice of the Muskingum County Sheriff's Department.

17. The Muskingum County Sheriff's Department caused two (2) notices to leave the premises to be served, at the request of private landlords, the Collopys, upon Mrs. Grubb.

18. A three day notice is not a legal notice issued by a court of competent jurisdiction.

19. In November 2001, Mrs. Grubb called her attorney because members of the Muskingum County Sheriff's Department were at her home, responding to a call by the Collopys.

20. Counsel for Plaintiff explained to Defendant Sgt. Swope, that only a court could order the tenants to move.

21. As a result of yet another call from the Collopys to Defendants, the Grubbs were forced to move when Defendant members of the Defendant Muskingum County Sheriff's Department came to the Grubb home, and told them they must move out immediately.

22. No legal action had been filed by the Collopys and Defendants possessed no valid court order restoring the premises from Mrs. Grubb to the Collopys.

23. When Mrs. Grubb and her son told the Defendants, members of the Muskingum County Sheriff's Department, that they could not move out in one night, Defendants, members of the Muskingum County Sheriff's Department, threatened to arrest them.

24. Though no court had issued an order granting restitution of the premises, Mrs. Grubb and her son were forced to move from their home, on or about December 6, 2001.

25. Mrs. Grubb and her son, feeling as though they had no choice, packed what they

were able to carry, and moved from the premises.

26. The Defendant members of the Defendant Muskingum County Sheriff's Department stayed at the Grubb home, and held flashlights while the Grubbs moved their belongings.

27. As a result of Defendants' actions, the Grubbs were unable to move all of their belongings and were forced to leave many behind.

28. Mrs. Grubb and her son were emotionally distraught by Defendants' actions.

29. Mrs. Grubb's son experienced exacerbated mental and emotional problems, resulting from Defendants' actions.

30. At all relevant times, Defendants were acting as agents on behalf of and at the direction of private landlords, Debra and Douglas Collopy.

31. At all relevant times, Defendants Swope, King, Keck, and Ross were armed and in the uniform of Defendant Muskingum County Sheriff's Department county police force.

32. The demand to move was made in furtherance of a civil conspiracy by Defendants to assert and enforce financial and civil claims of the Collopys, private landlords, without benefit of legal process.

33. Plaintiff and her son suffered extreme humiliation, anxiety, hardship, inconvenience, and mental anguish as a result of being forced out of their home without proper court order.

34. The official actions or failures to act complained of herein were taken in concert by Defendants and in furtherance of a civil conspiracy between them, thereby subjecting Plaintiff and her son, or assisting, ratifying or allowing Plaintiff and her

son to be subjected, to violation of their constitutional and statutory rights.

35.    The individually-named Defendants acted intentionally and with actual or presumed knowledge of the illegality thereof, and/or in reckless disregard of the constitutional and statutory rights of Plaintiff and her son.

36.    The actions or failures to act complained of herein were taken pursuant to the policies and/or customs of Defendant Muskingum County, including, but not limited to, a policy or custom of allowing and/or encouraging Muskingum County Sheriff's Department's officers to use the County's governmental authority directly to protect, to aid and to enforce interests of landlords in civil disputes, while denying equal protection, aid, and support in enforcing or protecting the financial rights and interests of individuals and tenants in disputes with landlords.

37.    As a result of the foregoing, Plaintiff and her son suffered financial loss, anxiety mental distress, and violation of their legal and constitutional rights.

38.    Further, Plaintiff suffered loss of property, pain, inconvenience, humiliation and fear.

## FIRST CLAIM FOR RELIEF

39.    Defendants' official actions or failures to act, alone and as taken in concert and in furtherance of the civil conspiracy between Defendants and the Collopys, subjected Plaintiff and her son, or caused them to be subjected, to deprivation under color of state law of their right to be free from unreasonable searches and seizures, in violation of 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

40.    Defendants' official actions or failures to act, alone and as taken in concert and in furtherance of the civil conspiracy between Defendants and the Collopys, subjected Plaintiff and her son, or caused them to be subjected, to deprivation under color of state law of their right to equal protection of the law, in violation of 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF

41.    Defendants' official actions or failures to act, alone and as taken in concert and in furtherance of the civil conspiracy between Defendants and the Collopys, subjected Plaintiff and her son, or caused them to be subjected, to deprivation under color of state law of their property and/or liberty without due process, in violation of 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF

42.    Defendants' official actions or failures to act, alone and as taken in concert and in furtherance of the civil conspiracy between Defendants and the Collopys, subjected Plaintiff, or caused her to be subjected, to deprivation under color of state law of her right to access to the courts, in violation of 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF

43.    Defendants' official actions or failures to act, alone and as taken in concert and in furtherance of the civil conspiracy between Defendants and the Collopys, subjected

Plaintiff, or caused her to be subjected, to deprivation under color of state law of her right to be free from uncompensated takings, in violation of 42 U.S.C. § 1983.

## SIXTH CLAIM FOR RELIEF

39.	Defendants acted as agents for the Collopys, landlords of Plaintiff, and, therefore, were "landlords" as defined by O.R.C. § 5321.01(B). Defendants' actions or failures to act have violated Ohio Revised Code § 5321.04.

## SEVENTH CLAIM FOR RELIEF

40.	Defendant acted as an agent for the Collopys, landlords of Plaintiff, and, therefore, were "landlords" as defined by O.R.C. § 5321.01(B). Defendants' actions or failures to act have violated Ohio Revised Code § 5321.15.

## EIGHTH CLAIM FOR RELIEF

41.	Defendants are liable to Plaintiff and her son for intentional affliction of emotional distress and abuse of process.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff asks that this Court enter judgment on his behalf as follows:

a.	To declare the customs, policy and practices complained of herein violate Plaintiff's constitutional right to due process;

b.	To find that any order of injunctive relief entered into this case is made against Defendant in favor of all tenants who reside in the geographical area

in which Defendant is the exclusive provider of police service, pursuant to Federal Rule of Civil Procedure 71;

c.  To award compensatory damages, against Defendants, in excess amount of $25,000.00;

d.  To award equitable relief to Plaintiff;

e.  To award Plaintiff and her son compensatory damages in excess of $25,000 against Defendants under the separate claims for relief set forth above;

f.  To award Plaintiff and her son punitive damages against all Defendants save the County of Muskingum; and

g.  To award costs and other relief the Court deems appropriate.


Respectfully submitted,

**SOUTHEASTERN OHIO
LEGAL SERVICES PROGRAM**

D. Gilbert (0044126)
Trial Counsel for Plaintiff
27 North Sixth Street
Zanesville, Ohio 43701
740.454.1223   fax 740.454.2129


P:\Cases\Grubb, Beverly\PLDG\Final 11-18.wpd